UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DARRELL BOGARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BERNARD FREEMAN, *et al.*, )<br>)<br>Defendants. ) | NO. 2:07 CV 373 JM |

### OPINION AND ORDER

Darrell Bogard filed a complaint pursuant to 42 U.S.C. § 1983, alleging the violation of his federally protected rights at the Lake County Jail. The defendants are Lake County Sheriff Roy Dominguez and Jail Warden Bernard Freeman. Bogard has moved to amend his complaint and submitted a proposed amended complaint. The court will grant the motion for leave to amend. Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the
> plaintiff must allege that some person has deprived him of a federal right

> [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-1965 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual

2

allegation." *Id.*, 127 S.Ct. at 1965, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Bogard brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Bogard is a pretrial detainee seeking damages for conditions of confinement at the Lake County Jail. He alleges that Staph infection is a serious problem at the Lake County Jail and that the defendants created or tolerate conditions of confinement that encouraged the spread of the disease. He does not, however, allege that he has contracted Staph infection or suffered any other actual harm.

The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Id.* at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d at 1457. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements:

3

(1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that penal officials merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

> To state a claim premised on prison officials' failure to protect him from harm, Christopher must allege that the defendants knew of and disregarded an excessive risk to his health and safety. The question of the defendants' culpability is subjective, but the risk is evaluated on an

>objective basis--the allegedly dangerous prison condition must deprive an inmate of the minimal civilized measure of life's necessities.

*Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). An objectively sufficiently serious risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994)(citations omitted). Jail officials cannot be expected to eliminate the possibility of all dangers. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991) ("Prisons are dangerous places").

"Obduracy and wantonness, rather than inadvertence or mere negligence, characterize conduct prohibited by the Eighth Amendment. To state a claim under the Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for his welfare in the face of serious risks. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994)(citations omitted). The claims Bogard presents in his amended complaint do not deprive him of the minimal civilized measure of life's necessities or suggest that the defendants possessed a total unconcern for his welfare, and he does not allege that he has suffered any actual harm from these conditions. Other inmates may have contracted Staph disease at the jail, and may have a claim upon which relief can be granted against these defendants. But Bogard does not allege that he has Staph disease, and he may not assert the rights of any other inmate who may have suffered actual harm from this policy because he lacks standing to do so. *See Elk Grove Unified School District v Newdow*, 542 U.S. 1, 12 (2004).

For the foregoing reasons, the court **GRANTS** the plaintiff's motion for leave to file an amended complaint (DE 15), **DISMISSES** the amended complaint pursuant to 28 U.S.C. § 1915A(b)(1), and **DIRECTS** the clerk to close this case.

**SO ORDERED.**

DATE: April 7, 2008

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT